# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FIDELITY & DEPOSIT CO. OF MARYLAND,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-619 |
| v. | : | |
| | : | |
| **PRICE & PRICE MECHANICAL, INC., et al.** | : | |
| **Defendants.** | : | |

## MEMORANDUM

GENE E.K. PRATTER, J.                                                                                       August 24, 2010

In this case, the parties have already briefed partial motions for summary judgment, and have filed their pretrial memoranda with the Court. Notably, in their final pretrial memorandum, Defendants did not contest venue in this district or suggest a transfer to another district. Nevertheless, over 17 months after this case was filed, and almost 2 months after the close of discovery, Defendants have filed a motion to transfer venue from the Eastern District of Pennsylvania to "Tennessee." For the reasons set forth below, the motion to transfer venue is denied.

In their motion to transfer, Defendants fail to identify the procedural statute upon which they rely in seeking a transfer of venue. They simply state that "venue is not properly in the Eastern District of Pennsylvania Court," Mot. to Transfer at 1, and that "[t]he present action arose in Tennessee," Mot. to Transfer at 6. Without providing any supporting evidence, Defendants state the following: no party is currently located in Pennsylvania; "the remaining viable defendants" are in Tennessee; the General Indemnity Agreement ("GIA") was signed in Tennessee; a signer of the GIA lived and died in Tennessee; and the GIA was subject to Tennessee law before it was signed. Id. at 1.

These asserted connections to Tennessee, even if true, do not demonstrate that venue is *improper* in this district; they merely demonstrate that venue may *also* be proper *elsewhere*. Defendants do not dispute that Plaintiff's predecessor, the Montbatten Surety Company, Inc., had its principal office *in this district* at the time that the GIA was executed. See Exhibit A to Resp. to Mot. to Transfer. Further, the case centers on Plaintiff's allegations that the GIA constituted an offer of indemnity, which Plaintiff accepted *in Pennsylvania,* through the underwriting and issuance of bonds from Plaintiff's principal office *in Pennsylvania*. See Exhibit B to Resp. to Mot. to Transfer. Looking at the parties' submissions, the Court concludes that Defendants have not shown that venue is improper in this judicial district. Therefore, the Court concludes that venue *is* proper here, and proceeds to analyze the motion to transfer under 28 U.S.C. § 1404(a).

The Third Circuit Court of Appeals has enumerated several private and public interests that courts should consider when deciding whether to grant a motion under § 1404(a). See Nemo Associates, Inc. v. Homeowners Marketing Services International, Inc., 942 F. Supp. 1025, 1028 (E.D. Pa. 1996) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995)). Having considered these interests, the Court determines that the motion should be denied because transfer would not be in the interest of justice and would not serve the convenience of the parties and witnesses.

Analysis of the private factors suggests that Defendants are simply trying to shift all of the inconvenience to Plaintiff at the eleventh hour. This district has *not* suddenly become so inconvenient to the Defendants as to warrant a transfer at this late stage. As stated previously, it appears that the GIA was received by Plaintiff's predecessor company at its offices in Pennsylvania, and a substantial portion of the events and omissions allegedly giving rise to the case occurred here.

Also, Plaintiff's witness for liability and damages, Nicholas Kokinakis, is located within 100 miles of this Court, which makes him closer to this judicial district than to any judicial district in Tennessee. See Pl.'s Final Pretrial Mem. at 5. There has been no showing that any witnesses are unavailable for trial in this district, or that any discovery materials could not be produced in this district during the discovery period. Moreover, Defendants do not claim that the reasons for which they now seek transfer have arisen only recently, and were not present in the beginning of the case. On balance, Defendants' conduct suggests that the Eastern District of Pennsylvania is *not*, in fact, an inconvenient forum for them. Id. at 796. Indeed, the Court suspects that Defendants' late motion may be merely a dilatory tactic. See Blumenthal v. Management Assistance, Inc., 480 F. Supp. 470, 471 (N.D. Ill. 1979) (noting that courts may deny a late-filed motion to transfer when it is "merely a dilatory tactic"); see also Peteet v. Dow Chemical Co., 868 F.2d 1429, 1435 (5th Cir. 1989) (stating that "[c]ourts have considered a party's delay in denying a motion to transfer," and collecting cases).

The public factors also weigh in favor of denying transfer. Judicial economy would *not* be served by a transfer at this late stage in the case, with discovery having closed months ago, and summary judgment motions having been fully briefed by the parties. This Court has become familiar with this case over the last 17 months and, as such, is in a better position to handle the case in an easy, expeditious, and cost-sensitive manner than any district court in Tennessee. See Berger v. Grace Line, Inc. 343 F. Supp. 755, 756 (E.D. Pa. 1972) (denying motion to transfer under § 1404 and stating that "[i]n this case we find no change in circumstances sufficient to warrant a change of venue. Furthermore this case is three years old and is at the top of our trial list. A transfer at this late date would, we think, cause substantial delay and inconvenience."); see also Roller Bearing Co. of America v. Bearings, Inc., 260 F. Supp. 639, 639 (E.D. Pa. 1966).

3

Defendants also argue that transfer is warranted because Tennessee law applies to the case. The Court notes, however, that it has not yet conducted a choice of law analysis, and therefore has not yet determined which forum's law applies to the case. However, even if it is ultimately determined that Tennessee law applies, the Court is fully prepared and empowered to apply Tennessee law as may be warranted. See Echols v. Pelullo, 377 F.3d 272 (3d Cir. 2004); Griffith v. United Air Lines, 203 A.2d 796, 805 (Pa. 1964). See also Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227 (3d Cir. 2007). The mere possibility that Tennessee law applies here, does not tip the scale in favor of transfer.

Finally, Defendants argue that a judgment rendered by this Court may be subject to collateral attack if taken to Tennessee, and "it is possible that" such a judgment would be unenforceable in Tennessee. Mot. to Transfer at 1-2. Although this possibility can be considered in a § 1404 analysis, it is not sufficient to compel transfer here. Accordingly, the Court will not disturb Plaintiff's choice of forum at this late stage, and will deny transfer.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE